And the court will proceed to the third case D'Antonio v. United States May it please the court. Todd D'Antoni's case at this point is really down to one issue about the role of the sentencing guidelines commentary. But behind that issue is kind of a bigger issue where the parties are fundamentally disagreeing on the role of a precedential opinion in a really unusual circumstance. And here that precedential opinion is Rollins, which was decided by the full court unanimously just a few years ago. Where the Supreme Court has undermined essentially the mandate of that opinion, but not done anything that impacts the holding or reasoning of that case. And the government's position here has shifted in a pretty short amount of time. After the Supreme Court issued Beckles, we had a hearing in the district court, and really in briefing before that hearing as well, where the government was essentially saying, we intend to ask the Seventh Circuit to overrule Rollins, so we're preserving it for the Seventh Circuit's review. Since that time, the government is no longer really asking this court to overrule Rollins, which would take an en banc vote of the court to do. The government is essentially saying Rollins is already overruled because Beckles took care of that because it had an impact on the case, even though, again, it didn't say anything about Rollins' holding or its reasoning. So the government is essentially starting from scratch here. And Mr. D'Antoni's argument has two parts, but it's all based on the premise that we can't ignore Rollins. The first argument is simply that Rollins controls. It hasn't been overruled. It hasn't even been abrogated. It has certainly been impacted by Beckles, but again, in this very unusual way that had nothing to do with the particular issue presented and decided in that case. And then secondly, if appellate practice and procedure allows us to consider Rollins overruled by Beckles, although it didn't touch on the holding or reasoning of that case, well, then Rollins is still correctly decided. It is a thorough and well-written opinion about Stinson, a United States opinion that's quite old. And Rollins does a much better job than I can do of refuting each one of the points that the government makes in favor of an interpretation of guidelines commentary as something that can add to guidelines text rather than interpret valid text. It looks like I may be saving quite a bit of time for rebuttal if there are no questions. Ms. Green. Good morning, your honors. My name is Alice Green for the government. We believe there are three reasons why this court should deny successive 2255 relief to petitioner D'Antoni based on Johnson, Cross, and Rollins. The first issue I won't discuss much because we're simply preserving the issue that Cross did not deal with successive petitioners under 2255, but only initial petitioners. And in our view, Johnson and Welch are not the Supreme Court cases that could provide him retroactive relief, but given the reasoning in Cross, we don't think we can make that argument to this court. So we're simply preserving that. The second reason is there's nothing in the record to show for Mr. D'Antoni to meet his burden of showing that he was actually sentenced under the residual clause. If you read the guideline at that time, there were several parts to the text, the elements clause and the residual clause, and then there were two application notes. The first listing conspiracy as being included in a crime of violence, and the second listing a number of enumerated offenses including murder and manslaughter for that matter. So it's entirely possible for Judge Chabaz at the time in 1991 to have sentenced Mr. D'Antoni under the elements clause given that the object of the conspiracy would probably satisfy that test, or a combination of the application notes, conspiracy and murder, to determine that he met the definition of a crime of violence. At that time, this court required sentencing courts to consider the application notes when they imposed a career offender sentence. On this particular point, what's your response to Ms. Veit's argument about the status of Rollins today? We believe that, as a panel of this court in Hill v. United States said in December of 2017, that because Beckles abrogated Hurlburt, which was the decision of this court saying that the residual clause in the guideline was unconstitutional, since we believe that Beckles abrogated the underpinning of Rollins, which then undermined the rest of that decision. So we believe, as the Hill court said, that now Rollins is not controlling, and the previous decision of the court in Raup v. United States is controlling. And Raup found that there was no conflict between the text of 4B1.2 and the application note. In that case, it was conspiracy and robbery, that it was simply within the sentencing commission's authority to list those offenses as a matter of wise policy. But the difficulty that I have with that is that isn't it the case that Hill's statement about Raup relies on the notion that vagueness challenges have been eliminated in light of Beckles? That's the reasoning of Hill and what Hill said about Raup. So the problem, and this is just a little bit of a mess, but you wonder, what about Cross? I mean, how does your position on Hill stand after Cross? Well, we believe Cross ignored Hill and felt that it didn't have to apply the usual vagueness analysis to the guidelines. It's understandable how with the ACCA, where there was no clarifying commentary, that in all cases the residual clause in the ACCA was unconstitutionally vague. But with the guidelines, you do have a means of disambiguating the phrase. And that's the normal order, of course, when vagueness challenges are raised in many situations, as we've pointed out in our brief, and particularly with the guidelines. I mean, this Court's previous decisions in Titchener and in Byerton looked at those challenges under an as-applied standard. So we believe that Rollins was flawed in having taken out the guideline entirely and then said there's no text to which the commentary can attach. We believe that even if . . . That's what happened in Cross, though, too. It's a little troubling in our view. It might be. That nothing was, Rollins was not mentioned in Cross. No consideration of an as-applied analysis was mentioned either. I do know that the government, when Hill came out, the government sent a 28J letter in the Cross case, and the opposing counsel argued that the matter had been waived. They hadn't raised . . . they hadn't tried to rely on the commentary in that case. The opinion doesn't explain it, but that is one possibility. But in this case, we have raised it. The issue is floating around in at least two cases I'm aware of in this Court, Sotelo, which was argued in November, and Pasha, which is being briefed now. So there's at least tension between Hill, on the one hand, and Rollins and Cross. You say the issue is floating around, the issue specifically being the status of commentary, the Rollins issue. Yes, whether commentary can be relied on either as a freestanding means of sentencing a career offender or as a means of disambiguating any of the text, including the former residual clause. Counsel, regardless of Rollins' status, I guess I'm just having a hard time. I understand that the government wants to be here to preserve its objections to Cross and ask the Supreme Court to overrule us on that. But with respect to the commentary, I'm just having a hard time, regardless of whether Rollins remains good law or not, seeing how the commentary can have force if the regulation, essentially the guideline that it interprets, is gone, or if it's not interpreting a regulation. Well, we feel that the normal order of analyzing vagueness challenges was not conducted in Rollins, and should have been. And so the error we see in Rollins is that it excised the residual clause completely. So you want us to overrule that part of Rollins and Cross? Well, Cross didn't address it. So I really don't think you have to... No, but I mean one route to ruling in your favor is to overrule Cross. Well, we're really not asking you to do that. No, no, no, I understand, but I'm saying, so you object to both Rollins in this respect and Cross? Yes, and we don't think you have to... We think Beckles has undermined Rollins, and so higher authority has really replaced, at least as to the vagueness challenge, the analysis that should be made in Mr. D'Antoni's case. And that is, even without the second issue in Rollins, which is what do you do when text and guideline are in conflict, we don't think you have to even reach that here, because we do think you can at least use the guideline commentary to disambiguate the residual cause that was in place when Mr. D'Antoni was sentenced. What's odd to me about that, and maybe this is what Judge Barrett is getting at, and help me think through this. When I think of commentary, I think of there's narrative text in the sentencing guidelines that are commenting on guideline provisions. When you take an eraser to one of the guideline provisions, it seems like the commentary just kind of falls by the wayside. That's exactly what Rollins held, but another circuit, the Tenth Circuit... Doesn't that have intuitive appeal? I mean, what are you commenting on if the guideline's gone? Because we're dealing only with a vagueness challenge. Right. And the normal course of assessing vagueness challenges is to, before you say it's vague in all its applications, is to first see, is it vague in this particular case? So you're trying to resuscitate the residual clause in the guideline. So you're saying we're not really just looking at the commentary. What we should be looking at is the residual clause can be valid here because of the commentary. In this case, application of the residual clause did not... Application of the residual clause, when read with the commentary that was in place when Mr. D'Antoni was sentenced, disambiguates the... Yeah, but Cross didn't go down that road. It did not. And the only thing I can say about that is... Cross is wrong. I mean, I understand you think that, but... Cross could have and perhaps should have, but the opposing party didn't want it decided in that case, thought it was too late for the government to even raise the argument. But this is the argument, this is the very argument that the government made in Beckles. They also were arguing to the Supreme Court that even in an advisory guideline case, the residual clause was unconstitutionally vague. Well, I understand that. It seems to me that that's an argument that Cross is wrong because you're saying that with the commentary and the regulation, it's not vague because the commentary puts flesh on the bones of what the residual clause means. But Cross forecloses that. Well, all I can say is, or we don't think it does, that even in the Supreme Court, the government said, even if the residual clause... In fact, they argued the residual clause is unconstitutionally vague, but that as applied to Mr. Beckles, it was not in his particular case. It had been narrowed by the commentary, which listed in his case a sawed-off shotgun. Ms. Green, let me put the point this way. I think that what you're saying, you're not writing it this way, and I understand why. You're saying you can't say with a straight face that there was impermissible vagueness on the facts of this case with respect to Mr. D'Antoni's conspiracy to murder the witness. That's correct. That anyone with any common sense would say that is absolutely a crime of violence. I mean, he went out after he was selling cocaine to a 15-year-old kid and was going to kill a witness. Now, what's vague about whether that's a crime of violence? Exactly. So you're basically saying to the law, don't lose your common sense. Well, we're saying don't lose your common sense. Anybody looking at that guideline at the time would be on notice. So you translate what I'm saying into let's just look at it as applied. Yes. That's the additional gloss that we would put on that, and that's exactly what the government told the Supreme Court to do if they reached that issue. But my struggle is, I can see that, but my struggle is, haven't we said that it's facially vague? So how can we still consider whether it's vague? I have read Cross very closely, and it simply took the ACCA analysis in Johnson and applied it in its entirety to the guidelines without saying anything about the commentary, Rollins, the difference between the ACCA residual clause and the guideline residual clause. And so it may be a problem with Cross, because I think Judge Barrett is probably right. When Cross does what Cross does, that clause is gone in the pre-Booker guidelines, and so there's not any room left for an as-applied challenge. Now, you may not like that outcome. Right. If that is how the court holds, you're right. We would lose. I would urge you not to go in that direction. Of course. Because we think that, for the various reasons we've explained in the brief, that there's no textual conflict at all between the commentary and the former clause, and we would ask that you affirm the denial of successive relief in this case. Thank you, Ms. Green. Thank you. Thank you. I just want to make a few points in response to the government's argument. I think I, like you, am having trouble sort of discerning precisely the nature of the argument. But she started by saying, sort of suggesting that because the judge didn't make it clear at sentencing what he was doing that that's meaningful. So I just wanted to cover that and say, the question is what did cover the crime, not what was in Judge Shabazz's mind at sentencing. And for this particular crime, for the substantive, inchoate crime of conspiracy, the only guidelines text that covered it is residual clause. And I do want to say that this particular case is not going to have much impact on any other case at all. And one of the things that it won't have impact on is other things in the commentary that may arguably attach to other parts of the guidelines. Or, for instance, attempt is one of the things. Well, attempt is already in the first clause. So this is a pretty unique situation. It's most similar to possession of a sawed-off shotgun, which is precisely the situation in Rollins. And Raup and Rollins both specifically said that the substantive crime of conspiracy is only a residual clause offense. With the residual clause out, the commentary just doesn't do anything. The commentary is essentially void as well. And I agree with the government that the commentary is a disambiguating tool of the guidelines. I did have to look that up in the dictionary and then realized that it's sort of obvious from the ambiguate part. But it clarifies the language of guidelines text. And the problem with this test is there is nothing to disambiguate. And so it simply can't be applied here. Thank you, and I would ask that you reverse the judgment and remand for Mr. D'Antoni to be resentenced. Thank you. Thank you to both counsel. Case will be taken under advisement.